UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:06-cr-00277-KJM-1 |
| Plaintiff, | |
| v. | ORDER |
| EDUARDO NUNEZ PICHARDO, aka EDDIE NUNEZ, | |
| Defendant. | |

Defendant Eduardo Nunez Pichardo, appearing pro se, moves the court for early termination of his supervised released. Mot., ECF No. 101 (citing 18 U.S.C. § 3583(e)(1)[1]). Pichardo did not request a hearing. *Id.* at 1 (citing Fed R. Crim. P. 32.1(c)(2)(C)[2]). After reviewing Pichardo's presentence report and reviewing probation documents verifying his

---

[1] "The court may, after considering the [relevant] factors set forth in section 3553(a)—terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

[2] This section provides an exception to the general rule requiring hearings for sentence modifications if "an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c)(2)(C).

1

employment, the government does not object. Non-Opp'n, ECF No. 105. As discussed below, the court GRANTS this motion.

I. BACKGROUND

On January 23, 2007, Pichardo pled guilty to three charges: Conspiring to distribute cocaine and methamphetamine, 21 U.S.C. §§ 846 and 841(a)(1); laundering monetary instruments, 18 U.S.C. § 1956(a)(1)(B)(i); and structuring transactions to evade reporting requirements, 31 U.S.C. § 5324(a)(3). Plea, ECF No. 70. He was sentenced on March 25, 2008 to 120 months in prison followed by 120 months of supervised release. Sentencing Mins, ECF No. 90. His prison term was later reduced to 72 months; his supervisory release term remained unchanged. Judgment Order Oct. 14, 2010, ECF No. 100. Pichardo's supervision began on September 9, 2011. Mot. at 1 ¶ 2. The case was reassigned to the undersigned on February 23, 2017. Reassignment, ECF No. 103. Now, with just over four years remaining, Pichardo asks the court to terminate the remainder of his term of supervision.

II. ANALYSIS

"[A] district court enjoys significant discretion in crafting terms of supervised release for criminal defendants." *United States v. Weber*, 451 F.3d 557, 558 (2006) (citations omitted). "Consistent with a district court's broad discretion in imposing terms of supervised release, the language of §3583(e) gives district courts broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citations omitted). But the court's discretion is not limitless: The court must consider relevant factors set forth in 18 U.S.C. § 3553(a) and explain its sentencing decision. *United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc). The court need not scrutinize each 3553(a) factor and the process need not be mechanical. *See* 18 U.S.C. § 3582(c)(2) (court "may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable"); *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). Relevant factors include the nature and circumstances of the conviction, the defendant's characteristics and behavior, deterrence, public safety, avoiding sentencing disparity, and obtaining restitution for victims. *See* 18 U.S.C. § 3553(a)(1)-(2), (a)(5)-(7).

Here, the relevant § 3553(a) factors weigh in favor of early termination. Pichardo did not commit violent crimes and there is no indication he poses a public safety threat. He has served more than half of his supervision term and, as he argues and as evidenced by the absence of revocation petitions on the court's docket, remained cooperative and law abiding throughout. *See* Mot. at 3, 6. He has only one criminal history point, placing him in the category of offenders who have among the lowest risk of recidivism, which in turn mitigates deterrence concerns. *Id.* at 4 ¶ 12 (citing statistics from *Recidivism and the "First Offender"*; A component of the Fifteen Year Report on the U.S. Sentencing Commission's Legislative Mandate at 13-14, (May 2004),[3] which shows offenders with zero criminal history points have only an 11.7 percent primary recidivism rate). He has paid the required $300 in special assessments in full and has satisfied all other financial obligations associated with this case. *Id.* at 3 ¶ 10. He owes no restitution. *Id.* He appears to have no educational, medical, or other needs that further supervision would facilitate. *Id.* at 6, ¶¶ 18, 19 (discussing strong home support system, gainful employment, and negative drug screens). Significantly, the government does not oppose this request. Non-Opp'n at 1. Taken together, these factors all support early termination.

    The court GRANTS Pichardo's motion.

    IT IS SO ORDERED.

    This resolves ECF No. 101.

DATED: July 7, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The link Pichardo provides is not active, but the PDF is available at http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_First_Offender.pdf (last visited on July 7, 2017). The general conclusion in the report he cites has been confirmed more recently by the U.S. Sentencing Commission. *See* U.S. Sentencing Commission, *Recidivism Among Federal Offenders: A Comprehensive Overview* (Mar. 2016) (available at http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf (last visited July 7, 2017).